UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| Antonio Jamal Crawford, ) | Criminal No.: 4:17-cr-00589-RBH-1 |
| ) | Civil Action No.: 4:19-cv-00925-RBH |
| Petitioner, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| United States of America, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

This matter is before the Court on Petitioner Antonio Jamal Crawford's ("Petitioner") *pro se* [ECF No. 61] motion to vacate, set aside, or correct sentence ("motion to vacate") pursuant to 28 U.S.C. § 2255. Also pending is the government's [ECF No. 70] motion for summary judgment. For the reasons stated below, the Court grants Respondent's motion for summary judgment, dismisses Petitioner's motion to vacate, and dismisses this case with prejudice

**Procedural History and Factual Background**

Petitioner was indicted on June 27, 2017, in a three count indictment for violations of 18 U.S.C. §§ 922(g)(1), 924(c)(1)(A), and 21 U.S.C. § 841(b)(1)(D). [ECF No. 18].

On November 13, 2017, Petitioner signed a plea agreement wherein he agreed to plead guilty to count three of the indictment, which alleged felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1). [ECF No. 43]. The plea agreement provided for a stipulated sentence of 72 months in prison pursuant to Fed. R. Crim. P. 11(c)(1)(C). Petitioner entered his guilty plea the same day.

A presentence investigation report ("PSR") dated January 16, 2017, was prepared by the U.S. Probation Office. The PSR found that Petitioner's advisory guideline range was 110 to 120 months, based on a total offense level of 25 and criminal history category of VI.

On April 25, 2018, Petitioner was sentenced to 72 months in prison pursuant to the Rule 11(c)(1)(C) plea agreement. Petitioner did not file a direct appeal.

Petitioner filed the instant pro se motion to vacate pursuant to 28 U.S.C. § 2255 on March 27, 2019. [ECF No. 61]. The government filed a response to Petitioner's motion to vacate and a motion for summary judgment on April 17, 2019. [ECF No. 70]. Petitioner did not file a response to the government's motion for summary judgment.

**Applicable Law**

Prisoners in federal custody may attack the validity of their sentences pursuant to 28 U.S.C. § 2255. In order to move the court to vacate, set aside, or correct a sentence under § 2255, a petitioner must prove that one of the following occurred: (1) a sentence was imposed in violation of the Constitution or laws of the United States; (2) the court was without jurisdiction to impose such a sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). Nonconstitutional claims may be brought pursuant to § 2255, but will not provide a basis for collateral attack unless the error involves a "fundamental defect which inherently results in a complete miscarriage of justice." *United States v. Addonizio*, 442 U.S. 178, 185, 99 S. Ct., 2235, 2240 (1979); *United States v. Morrow*, 914 F.2d 608, 613 (4th Cir. 1990).

A petitioner cannot ordinarily bring a collateral attack on the basis of issues litigated on direct appeal. *United States v. Dyess*, 730 F.3d 354, 360 (4th Cir. 2013) (stating petitioner "cannot 'circumvent a proper ruling . . . on direct appeal by re-raising the same challenge in a § 2255 motion'"); *United States v. Linder*, 552 F.3d 391, 396 (4th Cir. 2009); *Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir.), cert denied, 429 U.S. 863, 97 S. Ct. 169 (1976). An exception occurs where there has been an intervening change in the law. *Davis v. United States*, 417

U.S. 333, 342, 94 S.Ct. 2298, 2302 (1974). Additionally, where a defendant could have raised a claim on direct appeal but fails to do so, the claim may only be raised in a federal habeas proceeding if the defendant can show both cause for and actual prejudice from the default, *see Murray v. Carrier*, 477 U.S. 478, 485, 106 S.Ct. 2639, 91 L.Ed.2d 397 (1986), or that she is actually innocent, *see Smith v. Murray*, 477 U.S. 527, 537, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986).

In deciding a motion to vacate, the court may summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." Rules Governing Section 2255 Proceedings 4(b); *see* 28 U.S.C. § 2255(b) (a hearing is not required on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief). An evidentiary hearing "is required when a movant presents a colorable [ ] claim showing disputed material facts and a credibility determination is necessary to resolve the issue." *United States v. Coon*, 205 F. App'x 972, 973 (4th Cir. 2006) (citing *United States v. Witherspoon*, 231 F.3d 923, 925–27 (4th Cir. 2000)). However, a hearing is not required unless the claim shows "disputed facts involving inconsistencies beyond the record." *United States v. Robinson*, 238 F. App'x 954, 955 (4th Cir. 2007). Conclusory allegations contained within affidavits do not require a hearing. *Strong v. Johnson*, 495 F.3d 134, 139–40 (4th Cir. 2007). "Thus, no hearing is required if the petitioner's allegations 'cannot be accepted as true because they are contradicted by the record, inherently incredible, or conclusions rather than statement of fact.' " *Arredondo v. United States*, 178 F.3d 778, 782 (6th Cir. 1999) (quoting *Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995)).

Petitioner's motion to vacate alleges ineffective assistance of counsel. Claims of ineffective assistance of counsel are constitutional in nature and therefore are properly asserted under § 2255.

3

The Sixth Amendment provides: "In all criminal prosecutions, the accused shall enjoy the right . . . to have the assistance of counsel for his defense." U.S. Constitution. amend VI. The United States Supreme Court has interpreted the Sixth Amendment to require that counsel be effective. *Strickland v. Washington*, 466 U.S. 668, 686, (1984) (quoting *McMann v. Richardson*, 397 U.S. 759, 771, n.14 (1970)). In order to prevail on an ineffective assistance claim, petitioner must satisfy the two-prong test of *Strickland* that (1) his "counsel's representation fell below an objective standard of reasonableness," *id*. at 688; and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id*. at 694. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Id*.  In the context of a guilty plea, Petitioner must show "that there is a reasonable probability that, but for counsel's errors, she would not have pleaded guilty and would have insisted on going to trial. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985).

A court applying the *Strickland* test may apply either prong first and does not need to analyze both prongs of the test if petitioner makes "an insufficient showing on one." *Id.* at 697.

In examining the performance of counsel, there is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance . . . ." *Id*. at 689. A reviewing court must be highly deferential in scrutinizing counsel's performance and must filter from its analysis the "distorting effects of hindsight." *Id*.

Regarding "deficient performance," a court must defer to counsel's tactical decisions and give counsel the benefit of a strong presumption of reasonableness. *See id.* at 689. While an attorney has a duty to investigate reasonable claims and defenses, an attorney's performance cannot be deemed ineffective or deficient if he fails to raise a defense which is "very weak". *Smith v. State of*

4

*South Carolina*, 882 F.2d 895, 898 (4th Cir. 1989); *Sistrunk v. Vaughn*, 96 F.3d 666, 671 (3rd Cir. 1996). A habeas petitioner alleging prejudice must show "that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. That the outcome may have been different but for counsel's error is not dispositive of the "prejudice" inquiry. Rather, a court must determine whether the result of the proceeding was fundamentally unfair or unreliable. *Id*. A defendant cannot show that a proceeding was fundamentally unfair if the underlying claims the attorney failed to raise are meritless, because the outcome of the proceeding would not have been different.

## **Analysis**

Petitioner raises one ground for relief and alleges that his trial counsel was ineffective for failing to file a motion to suppress the search of his vehicle when instructed to do so. Petitioner alleges the motion to suppress would have been successful if filed. This claim, however, is directly contradicted by Petitioner's sworn statements at his guilty plea hearing when Petitioner indicated that his attorney did everything he asked her to do and that he was satisfied with his attorney's performance and representation of him. "[A] defendant's solemn declarations in open court affirming [a plea] agreement ... 'carry a strong presumption of verity.'" *United States v. Lemaster*, 403 F.3d 216, 221 (4th Cir. 2005). Courts must be able to rely on the defendant's statements made under oath during a properly conducted Rule 11 plea colloquy. *United States v. Bowman*, 348 F.3d 408, 417 (4th Cir. 2003). In the absence of extraordinary circumstances, allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always "palpably incredible" and "patently frivolous or false." *See Crawford v. United States*, 519 F.2d 347, 350 (4th Cir. 1975) (holding that "the district court was not required to

5

conduct an evidentiary exploration of the truth of an allegation in a § 2255 motion which amounted to no more than a bare contradiction of statements made by [the petitioner] when he pleaded guilty"); *Lasiter v. Thomas*, 89 F.3d 699, 702-03 (10th Cir. 1996) ("[The petitioner] [i]s bound by his solemn declarations in open court and his unsubstantiated efforts to refute that record [a]re not sufficient to require a hearing. This case does not involve the most extraordinary circumstances.") (internal quotation marks omitted); *Ouellette v. United States*, 862 F.2d 371, 377-78 (1st Cir. 1988) (holding that an evidentiary hearing is not required when a petitioner's uncorroborated allegations are directly contradicted by his testimony at the time of his plea colloquy); *see also Bowman*, 348 F.3d at 417 ("[W]hen a defendant says he lied at the Rule 11 colloquy, he bears a heavy burden in seeking to nullify the process."). "Thus, in the absence of extraordinary circumstances, the truth of sworn statements made during a Rule 11 colloquy is conclusively established, and a district court should, without holding an evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations that contradict the sworn statements." *Lemaster*, 403 F.3d at 221-222. In light of his sworn statements on the record during his guilty plea hearing, Petitioner's claim that he instructed his counsel to file a motion to suppress is "palpably incredible" and "patently frivolous or false."

Additionally, based on the facts of Petitioner's traffic stop, as set forth in the Presentence Investigation Report and adopted at sentencing without objection, any motion to suppress the search of the vehicle would have been denied. As a result, Petitioner cannot establish that trial counsel was ineffective for not filing the motion to suppress or that he suffered any prejudice as a result. Trial counsel is not required to engage in the filing of futile motions. *Moody v. Polk*, 408 F.3d 141, 151 (4th Cir. 2005). In this case, law enforcement had probable cause to initiate a traffic stop of Petitioner's vehicle (Petitioner was speeding 60 mph in a 35 mph zone and hitting the center line).

6

*See* [Presentence Investigation Report, ECF No. 52 at 6]. Petitioner initially failed to stop for the blue lights or siren. *Id*. When officers approached Petitioner's vehicle they detected a strong odor of marijuana and Petitioner consented to the search of his vehicle. *Id*. Also, an NCIC records check revealed a possible wanted person "hit" for Petitioner. Under these facts, a motion to suppress the search of Petitioner's vehicle would not have been successful. Trial counsel was not ineffective for not pursuing a futile motion to suppress and, in any event, Petitioner did not suffer any prejudice as a result of trial counsel's failure to file a motion to suppress.

Petitioner has failed to set forth ineffective assistance of counsel under either prong of *Strickland*. Likewise, Petitioner has failed to demonstrate a reasonable probability that, but for any alleged errors by counsel, he would not have pled guilty and would have insisted on going to trial. *Hill*, 474 U.S. at 59.

For the reasons stated above, Petitioner's motion to vacate is due to be dismissed.

## Certificate of Appealability

A certificate of appealability will not issue absent "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When the district court denies relief on the merits, a prisoner satisfies this standard by demonstrating that reasonable jurists would find that the court's assessment of the constitutional claims is debatable or wrong. *Slack v. McDaniel*, 529 U.S. 473, 484 (2000); *see Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003). When the district court denies relief on procedural grounds, the prisoner must demonstrate *both* that the dispositive procedural ruling is debatable, and that the petition states a debatable claim of the denial of a constitutional right. *Slack*, 529 U.S. at 484-85. In the instant matter, the Court concludes that Petitioner fails to make the requisite showing of "the denial of a constitutional right."

**Conclusion**

For the reasons stated above, the government's [ECF No. 70] motion for summary judgment is **GRANTED** and Petitioner's [ECF No. 61] motion to vacate pursuant to 28 U.S.C. § 2255 is **DISMISSED with prejudice**.[1]

The Court **DENIES** a certificate of appealability.

**IT IS SO ORDERED**.

July 22, 2019  s/ R. Bryan Harwell
Florence, South Carolina  R. Bryan Harwell
  Chief United States District Judge

---

[1] Because the facts and legal arguments are adequately set forth in the existing record, an evidentiary hearing is not necessary. *See United States v. Burton,* 26 Fed. Appx. 351 (4th Cir. 2002); *United States v. Yearwood,* 863 F.2d 6, 7 (4th Cir. 1988) (recognizing that "[a] hearing is not required . . . on a § 2255 motion if the record of the case conclusively shows that petitioner is entitled to no relief").